### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### (HOUSTON DIVISION)

| | |
|---|---|
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾<br><br>LACEY DALTON<br>c/o Forester Haynie<br>400 North St. Paul Street, Suite 700<br>Dallas, Texas 75201<br><br>On Behalf of Herself and<br>All Other Similarly Situated Individuals,<br><br>PLAINTIFF,<br><br>vs.<br><br>D WG FM, INC.<br>d/b/a SPLENDOR GENTLEMEN'S CLUB<br>7440 W Greens Road<br>Houston, Texas 77064<br><br>SERVE:  Albert T. Van Huff, Esq.<br>1225 North Loop West, Suite 640<br>Houston, Texas 77008<br><br>DEFENDANT.<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | Case No. 4:21-cv-1116 |

### COLLECTIVE ACTION COMPLAINT

1.      This is a collective action brought by Plaintiff Lacey Dalton ("Plaintiff") against Defendant D WG FM, Inc. d/b/a Splendor Gentlemen's Club, a strip club located at 14428 Hempstead Highway, Houston, Texas 77040 (hereafter, "Splendor Club").

2.      The collective is composed of female exotic dancers who, during the relevant statutory recover period of April 2018 through the date of judgment in this case ("the relevant period").

3.      Each member of the collective worked as a female exotic dancer at the Splendor Club in Houston, Texas.

4.      Splendor Club misclassified each member of the collective as an independent contractor and, in so doing, denied her minimum wage compensation due and owing under the Federal Fair Labor Standards Act ("FLSA").

5.      On a class-wide basis, Splendor Club willfully and intentionally violated the wage payment and wage/gratuity retention rights of Plaintiff and all other exotic dancers at the Splendor Club in direct violation of the FLSA.

6.      Plaintiff brings this class and collective action against Splendor Club seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

7.      Plaintiff is an adult resident of Spring, Texas.

8.      Plaintiff hereby affirms her consent, in the writing of this Complaint, to participate a named plaintiff in a collective action against Splendor Club under the FLSA.

9.      Splendor Club is a corporation, formed under the laws of Texas that operates as a strip club in Houston, Texas.

10.     Splendor Club qualified as Plaintiff's employer and the employer of all other exotic dancers at Splendor Club's strip club within the meaning of the FLSA.

11.     During the relevant period, Splendor Club had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

12.     This Court has personal jurisdiction over Splendor Club, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331.

13.     Pursuant to the foregoing, jurisdiction and venue is proper for the prosecution of this action in the United States District Court for the Southern District of Texas.

**FACTS**

14.     Plaintiff was employed by Splendor Club as an exotic dancer at Splendor Club's strip club in Houston, Texas, for the period of about March 2018 through about April 2020.

15.     During the period of Plaintiff's employment, the number of shifts Plaintiff worked varied from week to week.

16.     During the period of Plaintiff's employment, the exact number of hours Plaintiff worked varied from week to week.

17.     On average, Plaintiff worked about five (5) shifts per week for a total of about thirty-five (35) or more hours per week.

18.     On information and belief, Splendor Club is in possession of time and/or sign in "house fee" payment records for Plaintiff and all other exotic dancers employed by Splendor Club during the relevant period.

19.     At all times, Splendor Club had actual knowledge of all hours Plaintiff and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiff's work duties and the work duties of other exotic dancers.

20.     At no time during Plaintiff's period of employment did Splendor Club ever pay Plaintiff or any other exotic dancers any wages for hours that Plaintiff and other exotic dancers worked each week.

21.     At all times relevant, Splendor Club totally failed to pay wages or any kind of compensation to Plaintiff and all other exotic dancers for work duties performed.

22.     At all times relevant, Splendor Club misclassified Plaintiff and all other exotic dancers as independent contractors when each of these individuals should have been classified under the FLSA as employees.

23.     At all times, Splendor Club controlled all aspects of the job duties Plaintiff and all other exotic dancers performed inside the club through employment rules and workplace policies.

24.     At all times, Splendor Club controlled the method by which Plaintiff and all other exotic dancers could earn money inside the club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

25.     At all times, Splendor Club required Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Splendor Club.

26.     Splendor Club hired Plaintiff and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

27.     Splendor Club, through supervisors and managers, supervised the duties of Plaintiff and all other exotic dancers to make sure their job performance was of sufficient quality.

28.     Splendor Club conducted initial interviews and vetting procedures for Plaintiff and other exotic dancers and, at Splendor Club's sole discretion, Splendor Club's management and/or ownership could deny any Plaintiff or any other dancer access or ability to dance and/or work at the club.

4

29.     Splendor Club had the right to suspend or send Plaintiff or other exotic dancers home and away from the club if Plaintiff or other dancers violated rules or policies or if Splendor Club's ownership or management, at its discretion, did not want Plaintiff or any other dancer at the club.

30.     As a condition of employment with Splendor Club, Plaintiff and other dancers were not required to have or possess any requisite certification, education, or specialized training.

31.     Splendor Club is and was in the business of operating a strip club featuring female exotic dancers.

32.     It was Plaintiff's job duty and it is/was the job duty of each other exotic dancer to perform as female exotic dancers for the entertainment of Splendor Club's customers.

33.     In addition to failing to pay Plaintiff and all other exotic dancers any wages for hours worked, Splendor Club required Plaintiff and all other exotic dancers to pay Splendor Club a per-shift house fee or kickback of $50.00 or more for each shift worked.

34.     In addition to requiring Plaintiff and other dancers to pay Splendor Club a per shift house fee payment, Splendor Club also required Plaintiff and other dancers to pay or assign $20.00 - $50.00 of their per-shift tips to Splendor Club's managers and other non-dancer / non-customarily tipped employees.

35.     As part of their job duties, Plaintiff and other exotic dancers customarily performed private and semi-private dances for Splendor Club' customers.

36.     Per Splendor Club's club policy, when Plaintiff and other dancers performed private and semi-private dancers, Splendor Club's customer paid Plaintiff or the other exotic dancer a club-set fee or charge for the performance of the private or semi-private dance. Thereafter, and without the customer's knowledge or consent, Splendor Club assigned and

deducted about 30%-50% of the dance charge and kept the money for Splendor Club's own use and benefit.

37.    At all times during the relevant period, without legal excuse or justification, Splendor Club regularly and customarily kept and/or assigned tips or gratuities Plaintiff and other exotic dancers received from Splendor Club's customers and took this money to pay Splendor Club's management and non-tipped employees.

38.    At all times relevant to this action, Splendor Club and its management had actual or constructive knowledge of ongoing or past litigation by exotic dancers against strip clubs like the Splendor Club in which the exotic dancers challenged their independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA and state wage and hour laws.

39.    At all times relevant to this action, Splendor Club and its management had actual or constructive knowledge that Plaintiff and other exotic dancers at the club were employees and not independent contractors.

40.    At all times relevant to this action, Splendor Club and its management had actual or constructive knowledge that Plaintiff and other exotic dancers at the club were owed and should have been paid minimum wage compensation under the FLSA.

41.    For the entire period relevant to this action, Splendor Club had actual or constructive knowledge it misclassified Plaintiff and other exotic dancers at the club as independent contractors instead of as employees and that its failure to pay wages and charging unlawful kickbacks to Plaintiff and other exotic dancers was in direct violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff is pursuing this lawsuit as a collective action under FLSA Section 216(b) on behalf of herself and all other similarly situated individual who at any time during the relevant period worked as exotic dancers at Splendor Club and were misclassified as independent contractors and were not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

42.     Plaintiff and the members of the Collective are similarly situated because each was (1) improperly classified as independent contractors; (2) not paid any wages by Splendor Club for hours worked; (3) a victim of tip theft whereby Splendor Club kept and/or assigned to management her tips and gratuities received from customers; (4) required to pay per-shift house fee or kickback to Splendor Club for each shift worked; and (5) not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

43.     Plaintiff's damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Splendor Club for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Splendor Club and/or Splendor Club' management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Splendor Club' failure to pay minimum wage compensation as required by the FLSA.

44.     On information and belief, Splendor Club employed at least fifty (50) current and former exotic dancers in the past three (3) years.

45.     On information and belief, Splendor Club is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Splendor Club in the past three (3) years.

## CAUSE OF ACTION

### VIOLATION OF THE FLSA
(Failure to Pay Statutory Minimum Wages)

46.    Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

47.    The FLSA required Splendor Club to pay Plaintiff and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

48.    The FLSA required that Splendor Club allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

49.    As set forth above, Splendor Club failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

50.    Without legal excuse or justification, Splendor Club kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

51.    Splendor Club's failure to pay Plaintiff and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A.    Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B.    Judgment against Splendor Club for failing to pay free and clear minimum wage compensation to Plaintiff and other similarly situated individuals as required by the FLSA;

8

C.     Judgment against Splendor Club for unlawfully taking and/or assigning tips and gratuities and other money paid by customers to Plaintiff and other similarly situated individuals and belonging to Plaintiff and other similarly situated individuals in violation of the FLSA;

D.     Judgment against Splendor Club for unlawfully taking deductions, kickbacks, fees, fines, and assignments from wages of Plaintiff and other similarly situated individuals in violation of the FLSA;

E.     Judgment that Splendor Club's violations of the FLSA minimum wage requirements were not the product of good faith on the part of Splendor Club;

F.     Judgment that Splendor Club's violations of the FLSA minimum wage requirements were willful;

G.     An award to Plaintiff and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

H.     An award to Plaintiff and those similarly situated in the amount of all tips and gratuities and other related monies unlawfully taken and/or assigned by Splendor Club and/or Splendor Club's management;

I.     An award to Plaintiff and those similarly situated in the amount of all deductions, kickbacks, fees, fines, and assignments from wages taken and/or assigned by Splendor Club and/or Splendor Club's management;

J.     An award of statutory liquidated damages in amounts prescribed by the FLSA;

K.     An award of attorneys' fees and costs to be determined by post-trial petition;

L.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

M.     Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: April 5, 2021                    __*/s/ Meredith Mathews.*_____

Meredith Mathews
Texas Bar No. 24055180
J. Forester
Texas Bar No. 24087532
Forester Haynie
400 N St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 (ph)
(214) 346-5909 (fax)
Email:  mmathews@foresterhaynie.com
            jay@foresterhaynie.com

Gregg C. Greenberg, Esq.
To be Admitted by *Pro Hac Vice*
James Miller, Esq.
To be Admitted by *Pro Hac Vice*
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com
            JMiller@ZAGFirm.com

*Counsel for Plaintiff and the Collective*

10